## STATE ex YOCHIM v MILLER, Etc.

Ohio Appeals, 7th Dist, Mahoning Co
Decided Feb. 26, 1930

Attorneys not given.

FARR, J.

The sole question to be determined here is whether or not under the sentence of the trial court, and having in mind the nature of the charge and the defendant having been found guilty, is entitled to the benefit of this Act.

The section of interest in this connection is **11150 GC**, which reads as follows:

"Sec. 11150. Who entitled to benefits of preceding sections. Except persons confined in workhouses established by municipal corporations, a person who is imprisoned under process for a fine, penalty, or costs, in a criminal proceeding, shall be entitled to the benefit, of the two next preceding sections after he has been imprisoned thereunder for the period of sixty days, unless the judgment in the case requires imprisonment till the fine, penalty or costs be paid."

It is insisted here that by virtue of the provision in the sentence imposed "of otherwise discharged according to law"—that Yochim is entitled to the benefit of these sections.

A case which determines this issue is that of **Superintendent of Stark County Workhouse vs. Halliburton, 118 Oh St 582,** where it is held as follows:

"The Insolvent Debtors' Act (Section 11150, General Code) does not apply to a person convicted of a misdemeanor and sentenced to pay a fine and costs and to stand committed to a workhouse 'until such fine and costs shall be paid or the prisoner be otherwise discharged according to law', since that section specially excepts a case in which the judgment requires imprisonment until the fine, penalty and costs are paid. Such prisoner might be 'otherwise discharged according to law', by pardon, parole or credit upon said fine and costs, as provided by law, until the amount was so paid."

The facts in the above case are very similar to those in the instant case, and they are, in part as follows:

"The defendant in error, relator in the court below, was charged with possessing intoxicating liquor, contrary to the statutes of Ohio. He was found guilty by the probate court of Huron County, and sentenced by the judge thereof to pay a fine of $500.00 and costs, and was by said court committed to the Stark County Workhouse until such fine and costs should be paid, or 'until he is otherwise legally discharged.'"

And he was committed to the workhouse where he was imprisoned for more than sixty days, and application was made to the Commissioner of Insolvents for his release under the Insolvent Debtors' Act. It is clear from a reading of the opinion of the court by Day, J., that the very question involved here was at least before the court and considered by it. The difference being that in the above case the sentence was to stand committed to the Stark County Workhouse, while in the instant case it was to stand committed to the jail of Mahoning County until fine and costs were paid or otherwise discharged by law, there being no substantial difference.

After discussing the different sections of the Code relating to the matter under consideration, Judge Day, at page 589, observes as follows:

"but he is not entitled, by the very exception of Section 11150, to the benefit of the discharge under such Section."
The exception being "Unless the judgment

in the case requires imprisonment till the fine, penalty or costs are paid."

And again, near the conclusion of the opinion at page 591:

"Being of opinion that the judgment in the present case provided for the imprisonment of the relator until the fine and costs were paid, or he be otherwise legally discharged, such judgment denies to him the benefit of Section 11150, General Code, and his legal discharge may be effected only by pardon, parole or credit upon his fine and costs at the rate of one dollar and a half per day, as provided in Section 13717."

It is clear that the Supreme Court of Ohio had the opportunity in the above case to have applied the provisions of **11150 GC**, or allowed the Realtor the benefit of the Act in that case, but it is expressly declared that the provisions of the Insolvent Debtors Act had no application to this case. And the cases are so similar that there is no question but what the provisions of the Insolvent Debtors Act is not intended to apply in cases of this character, where one is found guilty of the violation of the prohibition laws of the State and is sentenced to pay a fine and the costs and stand committed to the county jail until fine and costs are paid, or until he is otherwise legally discharged. Other cases cited were not found controlling upon examination. So that the conclusion is that the writ should be denied and it is so ordered.

Pollock and Roberts, JJ, concur.